UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Preston D. Perkins, Jr., <br><br>        Plaintiff <br><br> v. <br><br> Panorama Towers Condominium Complex, et al., <br><br>        Defendants | Case No. 2:23-cv-01690-CDS-DJA <br><br> **Order Granting Defendants' Motions to Dismiss, Denying One of Plaintiff's Motions to Strike, Denying as Moot Defendants' Motion to Stay, Striking Three of Plaintiff's Motions to Strike, and Denying Plaintiff's Emergency Motion** <br><br> [ECF Nos. 17, 27, 29, 30, 32, 41, 44, 45] |

    Pro se plaintiff Preston D. Perkins, Jr. brings this purported landlord-tenant action seeking redress based on alleged issues with his housing at the Panorama Towers Condominium complex. *See generally* ECF No. 1. Now pending are two motions to dismiss filed by defendants Panorama Towers Condominium Unit Owners' Association Inc. and Dennis Kariger (collectively, "Panorama") (ECF No. 17) and Lucky Lact, LLC and Tony S. Cercy (collectively, "Lucky Lact") (ECF No. 32), both of which are fully briefed. Also pending is Panorama's motion to stay discovery (ECF No. 29), four motions to strike filed by Perkins, Jr. (ECF Nos. 27, 30, 41, 45), and a motion to expedite filed by Perkins, Jr. (ECF No. 44).

    For the reasons set forth herein, I grant the motions to dismiss without prejudice (ECF Nos. 17, 32). I strike three of Perkins, Jr.'s motions to strike because I liberally construe them as surreplies that were filed without leave of court (ECF Nos. 30, 41, 45). I deny Perkins, Jr.'s November 24, 2023 motion to strike (ECF No. 27) as I interpret it as an opposition to Panorama's motion to dismiss. I further deny Perkins, Jr., motion to expedite (ECF No. 44). Finally, because I am dismissing the complaint, I deny as moot Panorama's motion to stay discovery (ECF No. 29).

I.      Relevant procedural history

On November 10, 2023, Panorama filed a motion to dismiss. ECF No. 17. The next day, Perkins, Jr. filed a motion to strike (ECF No. 19),[1] which I liberally construed as an opposition to the motion to dismiss, and subsequently denied for failing to comply with Local Rule 7-2(d). *See generally* ECF No. 21. I sua sponte extended the response deadline to November 27, 2023. *Id.* In compliance with my deadline for refiling his opposition, Perkins, Jr. filed a revised motion to strike (ECF No. 27), which I again liberally construe as an opposition to the motion to dismiss.[2]

Approximately nine days later, and without leave of court, Perkins, Jr. filed a second motion to strike. ECF No. 30. Panorama filed an opposition to both motions to strike. ECF No. 28; ECF No. 31. Perkins, Jr. did not file a reply to either.

On December 5, 2023, Lucky Lact filed a motion to dismiss the complaint. ECF No. 32. The following day, Perkins, Jr. filed an opposition to the motion to dismiss (ECF No. 34), and Lucky Lact replied (ECF No. 39). Thereafter, without leave of court, Perkins, Jr. filed another motion to strike, seeking to strike Lucky Lact's motion to dismiss and their reply. ECF No. 41. Perkins, Jr. then filed a motion to expedite, requesting emergency immediate relief in the form of an injunction and damages. ECF No. 44. The next day, Perkins, Jr. filed a motion to strike Lucky Lact's certificate of interested parties and motion to dismiss and reply. ECF No. 45.

II.     Discussion

The court first addresses Perkins, Jr.'s multiple violations of the local rules, and then addresses subject matter jurisdiction.

   A.  Perkins, Jr. violates the local rules.

While the Ninth Circuit "recognizes that it has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical

---

[1] Perkins, Jr. also filed a motion to compel on November 11, 2023. ECF No. 20. On November 13, 2023, I denied that motion without prejudice as premature. ECF No. 21.

[2] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed, … and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal citation and quotation marks omitted).

procedural requirements," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), pro se plaintiffs like Perkins, Jr. are nonetheless bound by the rules of procedure, including the local rules. Indeed, pro se plaintiffs must follow the rules and orders of the court. *Grinage v. Leyba*, 2008 WL 199720 at *12 (D. Nev. Jan. 17, 2008).

Perkins, Jr. has violated several local rules in the course of this action. First, Perkins, Jr. violated the local rules when he filed his revised opposition to Panorama's motion to dismiss by filing a single exhibit which he titled "Affidavit Providing Proof of Causation." *See* Motion to Strike, Ex. 1, ECF No. 27-1. Local Rule IA 10-3(i) provides in relevant part that "[n]o more than 100 pages of exhibits may be attached to documents filed or submitted to the court in paper form. Except as otherwise ordered by the assigned judge, exhibits in excess of 100 pages must be submitted in a separately bound appendix." LR IA 10-3(i). Perkins, Jr.'s single exhibit in excess of 1,000 pages violates Local Rule IA 10-3(i).

Second, although Perkins, Jr. had already filed a motion to strike in response to Panorama's motion to dismiss, ECF No. 27, Perkins, Jr. filed a second motion to strike, ECF No. 30. In the second motion to strike, Perkins, Jr. improperly raises new arguments for the first time. *Compare* First Motion to Strike, ECF No. 27 *with* Second Motion to Strike, ECF No. 30. I liberally construe the Second Motion to Strike as a surreply, which is not permitted without leave (permission) of the court. LR 7-2(b) ("Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged."). Accordingly, Perkins, Jr. second motion to strike is stricken.[3]

Third, Perkins, Jr. filed two additional motions to strike. In the first, he sought to strike Lucky Lact's motion to dismiss and its reply. ECF No. 41. In the second, he again sought to strike Lucky Lact's reply. ECF No. 45.[4] I also liberally construe these filings as surreplies

---

[3] The court notes that even if I did not strike the surreply, the motion nonetheless fails to provide sufficient information or points and authorities to demonstrate that this court has subject matter jurisdiction over this action.

[4] The second motion to strike also moved to strike the certificate of interested parties. *See* ECF No. 45. The motion provides no argument nor applicable points and authorities in support of the request to

because Perkins, Jr. previously filed his opposition to the motion. ECF No. 34. Because these surreplies were filed without leave of court, they are hereby stricken.[5] His latest motion to strike Lucky Lact's motion to dismiss also violates Local Rule IA 10-3(i) as the exhibit (titled an Appendix) is 204 pages long. *See* ECF No. 44-1.

Perkins, Jr. is cautioned that future violations of the rules may result in immediate denial of any rogue filing, or dismissal of this case. *See United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979) (holding that failure to follow a district court's local rules is a proper ground for dismissal); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court.). This includes, but is not limited to, filing surreplies without leave of court, violating the local rules, or violating any court order.

### B. The court lacks subject matter jurisdiction over this case.

Panorama seeks to dismiss the complaint based on lack of subject-matter jurisdiction.[6] ECF No. 17 at 3–7. In evaluating a motion to dismiss for lack of subject-matter jurisdiction, the court must accept as true the allegations of the complaint where only the sufficiency of the allegations supporting jurisdiction are challenged. *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (internal quotations and citations omitted). If a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing 16 Moore § 106.66[1], pp. 106–88 to 106–89). That is because "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *See* U.S. Const. art. III, § 2, cl. 1; *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375,

---

strike the certificate. LR 7-2 ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion.").

[5] Like the second motion to compel related to the Panorama motion to dismiss, even if the court did not strike this pleading, it failed to provide sufficient information or point and authorities to demonstrate this court has subject matter jurisdiction over this action.

[6] Defendants also raise other arguments in support of dismissal. The court does not address these arguments on the merits because it finds that it lacks jurisdiction over this action.

377 (1994)). One type of federal jurisdiction is based on diversity, which exists in "all civil actions where the matter in controversy exceeds … $75,000 … and is between … [c]itizens of different States." 28 U.S.C. § 1332(a)(1). Alternatively, this court has jurisdiction over cases invoking a federal question, that is "actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Further, district courts have jurisdiction to hear "[o]nly those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954–55 (9th Cir. 2009). The party who seeks to invoke the subject-matter jurisdiction of the court has the burden of establishing that such jurisdiction exists. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction.").

The complaint alleges jurisdiction based on a federal question, pursuant to 28 U.S.C. § 1331, and diversity, pursuant to 28 U.S.C. § 1332, *see* ECF No. 1 at 4. Panorama disputes that either form of jurisdiction exist. ECF No. 17 at 3–7. Perkins, Jr. failed to address the jurisdictional challenges Panorama raised. *See generally* ECF No. 27. This alone is sufficient grounds to grant Panorama's motion to dismiss for lack of subject matter jurisdiction. *See, e.g., Duensing v. Gilbert*, 2013 WL 1316890, at *5 n.3 (D. Nev. Mar. 1, 2013) (failing to respond to defendant's arguments on an issue constitutes consent to the granting of the motion); *Schmitt v. Furlong*, 2013 WL 432632, at *4 (D. Nev. Feb. 4, 2013) (failure to argue against substantive due process violations indicated consent to granting summary judgment). Notwithstanding, I independently review the complaint and the pleadings to determine whether Perkins, Jr. has established either federal question or diversity jurisdiction. I find he does not.

### 1. *Perkins, Jr. fails to establish federal question jurisdiction.*

Perkins, Jr. fails to establish federal subject matter jurisdiction because he fails to establish that he has provided even one well-plead federal claim in his complaint. Indeed, while

he references multiple federal statutes in his complaint, he fails to allege facts supporting a claim under any of the statutes. For example, Perkins, Jr. cites to the Truth In Lending Act (ECF No. 1 at 4) but that act—which is contained in Title I of the Consumer Credit Protection Act—is intended to assure a meaningful disclosure of credit terms so that consumers can compare more readily the various available terms and avoid the uninformed use of credit. *Jones v. E\*Trade Mortg. Corp.*, 397 F.3d 810, 812 (9th Cir. 2005). Perkins, Jr. does not lodge any allegations that defendants failed to make certain disclosures at the time an offer of credit is extended—in fact, the complaint does not even allege that he sought a loan or a line of credit. *See Hoffman v. Indymac Bank FSB*, 2010 U.S. Dist. LEXIS 28910, *3 (N.D. Cal. Mar. 3, 2010) (dismissing Truth in Lending Act claim because "plaintiff fails to allege that any defendant is the entity, or the successor of the entity, that loaned plaintiff money, let alone any facts to support a finding that the lender failed to comply with any requirement imposed by the Truth in Lending Act.").

Perkins, Jr. also cites to the "Fair Housing Act." ECF No. 1 at 4. That act prohibits discrimination based on race, color, national origin, religion, sex, familial status, and disability. *See* 42 U.S.C. 3601 *et seq*. But Perkins, Jr. does not identify any sort of discrimination against him in either the complaint or in his opposition to the motions to dismiss. Perkins, Jr. also cites several criminal statutes that seemingly lack a private right to action. ECF No. 1 at 4. Federal criminal statutes do not provide private civil causes of action, meaning charges may be brought under these statutes by a federal prosecutor, but not by a private citizen like Perkins, Jr. *Aaronson v. Kangarani*, 2019 WL 3490447, at *3 (D. Or. June 20, 2019), *report and recommendation adopted*, 2019 WL 3462540 (D. Or. July 31, 2019).

Perkins, Jr.'s citations to other statutes and the Constitution by name only—15 U.S.C. § 75(a) [Unfair or deceptive acts or practices rulemaking proceedings]; the Federal Trade Commission Act; the Toxic Substances Control Act; the Contract Act; the Trading with the Enemy Act of 1917; Title 42, United. States Code, Sections 1982 and 1983; and the First, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Thirteenth, and Fourteenth Amendments of the

Constitution—fail for the same reasons; there are no facts in the complaint or arguments in Perkins, Jr.'s oppositions that demonstrate that the facts of this case create an actionable claim for relief, much less establish that this court has federal jurisdiction over this case. Finally, the complaint also cites to statutes from other states, such as Washington and Georgia, none of which would confer federal jurisdiction. *See generally* ECF No. 1 at 4.

Perkins, Jr.'s oppositions' citations to new statutes not cited in the complaint are unavailing. Citing new statutes not only violates Rule 8 of the Federal Rules of Civil Procedure,[7] but the conclusory citations to certain federal statutes are also wholly insufficient to demonstrate federal question jurisdiction. *See Hirsch v. Hargett*, 2018 WL 5778224, at *1 (C.D. Cal. Nov. 1, 2018) (referencing *Hoye v. Sullivan*, 985 F.2d 990, 991–92 (9th Cir. 1992) (finding conclusory allegations of denial of due process insufficient for subject matter jurisdiction); *Renewed v. BAC Home Loans Servicing, LP*, 2012 WL 423741, at *3 (N.D. Cal. Feb. 8, 2012) (finding that a conclusory statement regarding federal question jurisdiction "devoid of any supporting legal or factual explanation … wholly untethered to any other allegations … in plaintiffs' complaint" is insufficient to raise a federal question)). In short, Perkins, Jr. fails to demonstrate that he has plausibly stated a claim under any federal statute and thus fails to demonstrate federal question jurisdiction. *See Hardcastle v. N. Oregon Reg'l Corr. Facility*, 2019 U.S. Dist. LEXIS 88340, at *5 (D. Or. May 1, 2019) (finding no viable basis for federal subject matter jurisdiction and dismissing complaint where plaintiff fails to state any viable federal claim) (citing *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1022 (9th Cir. 2007) (finding federal question jurisdiction applicable "only when the plaintiff sues under a federal statute that creates a right of action in federal court") (citations omitted)).

### 2. *Perkins, Jr. fails to establish diversity jurisdiction.*

Perkins, Jr. also fails to meet his burden showing there is diversity jurisdiction in this action. Proper jurisdiction under Section 1332 requires complete diversity, **so each plaintiff**

---
[7] Under Rule 8(a), a complaint **must** contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Castillo v. Norton*, 219 F.R.D. 155, 159 (D. Ariz. 2003) (emphasis added).

**must be diverse from each defendant**. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). On the face of the complaint, Perkins, Jr. identifies himself as a citizen of Nevada. *See* ECF No. 1 at 1. The complaint also names Eighth Judicial District Court Judge Tara Clark-Newberry as a defendant, who by the nature of her position appears to also be a citizen of Nevada, but her Nevada business address is also listed on the face of the complaint. *Id.* at 3. And the complaint also names several other defendants who also appear to be citizens of Nevada. *Id.* at 2–3. Based on the allegations in the complaint, there is not complete diversity between plaintiff and each defendant.

Consequently, even accepting the allegations in the complaint as true, Perkins, Jr. has failed to demonstrate that this court has subject matter jurisdiction over this action. Accordingly, defendants' motions to dismiss (ECF No. 17; ECF No. 32) are granted concerning the issue of subject-matter jurisdiction.

### C. Leave to amend is granted.

The Ninth Circuit has long instructed that where the complaint has been filed by a pro se plaintiff, like here, courts must "construe the pleadings liberally … to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Thus, "[a] district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)).

While the court has significant doubts about Perkins, Jr.'s ability to cure the jurisdictional deficiencies in the complaint, it heeds the caution of the Ninth Circuit and grants Perkins, Jr. leave to amend the complaint. So I give Perkins, Jr. leave to file, if he desires, a first-amended complaint **within 14 days of this order**.

If Perkin, Jr., chooses to file another complaint, the first-amended complaint must comply with the Federal Rules of Civil Procedure, including Rule 8, and must: (1) demonstrate that this court has jurisdiction over this action; and (2) state a cognizable claim for relief against each defendant. The first-amended complaint must be complete in itself and must not refer in any manner to any prior complaint.

Failure to timely file a first-amended complaint which complies with this order, and which states a cognizable claim for relief against each defendant, may result in the dismissal of this action. Fed. R. Civ. P. 41(b); s*ee also Pagtalunan v. Galaza*, 291 F.3d 639, 642–43 (9th Cir. 2002) (a court may dismiss an action for failing to follow a court order).

Further, because the court doubts it has subject matter jurisdiction over this action, **no party** may file any motion, pleading, or document of any kind until and only if Perkins, Jr., files a first amended complaint. Failure to comply with this order may result in case terminating sanctions.

**D.  Panorama's motion to stay discovery (ECF No. 29) is denied as moot.**

Because the complaint is dismissed without prejudice, Panorama's motion to stay discovery is denied as moot.

**E.  Perkins, Jr.'s emergency motion to expedite (ECF No. 44) is denied and motion to strike (ECF No. 45) is stricken.**

On January 1, 2024, Perkins, Jr. filed another motion to strike (ECF No. 45), seeking to strike Lucky Lact's certificate of interested parties (ECF No. 33), its motion to dismiss (ECF No. 32), and its reply to the motion to dismiss (ECF No. 39). This motion is stricken for two reasons. First, Perkins, Jr. does not cite to any points and authorities in support of his motion[8], and

---

[8] LR 7-2 ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion.").

second, because I liberally construe his request to strike the motion to dismiss and the reply as yet another surreply filed without leave of court[9].

The day before, Perkins, Jr. also filed an emergency motion to expedite. ECF No. 44. This motion is denied for failing to comply with local rule 7-4, which has several requirements, including that any party seeking emergency relief file a declaration setting forth the nature of the emergency, the office addresses and telephone phones of the movant[10] and all affected parties, and a statement certifying that, after participating in a meet and confer to resolve the dispute, the movant could not resolve the issues without court action. LR 7-4(a). The same rule provides that the court may determine whether the motion is, in fact, an emergency. *Id.* at (c). The court has determined that this motion is *not* an emergency, but rather, based on the arguments contained therein, yet another improperly filed surreply to Lucky Lact's motion to dismiss. Accordingly, Perkins, Jr.'s emergency motion is denied.

### III. Conclusion

IT IS HEREBY ORDERED that defendants Panorama Towers' and Dennis Kariger's motion to dismiss [ECF No. 17] and defendants Lucky Lact's and Tony S. Cercy's motion to dismiss [ECF No. 32] **are GRANTED** for lack of subject matter jurisdiction. Perkins, Jr. has leave to file a first-amended complaint **within 14 days of this order**.

IT IS FURTHER ORDERED that Perkins, Jr.'s motion to strike [ECF No. 27], which is liberally construed as an opposition to the motions to dismiss, **is DENIED**.

IT IS FURTHER ORDERED that defendants Panorama Towers and Kariger's motion to stay discovery [ECF No. 29] is DENIED as moot.

---

[9] As previously discussed, a surreply is an additional reply brief filed by the non-moving party after the underlying motion has already been fully briefed. *Hammler v. Lyons*, 2023 WL 113764, at *1 (E.D. Cal. Jan. 5, 2023) (citations omitted). The Federal Rules of Civil Procedure do not expressly permit the filing of a surreply, and this district's local rules do not permit surreplies without first obtaining the court's leave. Instead, Local Rule 7-2(b) allows only for a motion, a response, and a reply. LR 7-2(b).

[10] The movant in this instance would be Perkins, Jr.

IT IS FURTHER ORDERED that Perkins, Jr.'s motions to strike **[ECF Nos. 30; 41; 45]**, which I liberally construe as surreplies, **are STRICKEN**.

IT IS FURTHER ORDERED that Perkins, Jr.'s emergency motion to expedite **[ECF No. 44] is DENIED**.

IT IS FURTHER ORDERED that **no party** may file any motion, pleading, or document of any kind until, and only if, Perkins, Jr., files a first-amended complaint.

DATED: January 5, 2024

_____
Cristina D. Silva
United States District Judge