UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Preston D. Perkins, Jr., <br><br> Plaintiff <br><br> v. <br><br> Panorama Towers Condominium Complex, et al., <br><br> Defendants | Case No. 2:23-cv-01690-CDS-DJA <br><br> **Order Granting Defendants' Motions to Dismiss with Prejudice and Denying as Moot Plaintiff's Motion to Compel, Motion for Entry of Clerk's Default, and Motion for Default Judgment** <br><br> [ECF Nos. 51, 52, 58, 64, 66, 67, 82, 88] |

Pro se plaintiff Preston D. Perkins, Jr. brings this landlord-tenant action against numerous defendants seeking redress based on alleged issues with his housing at the Panorama Towers Condominium Complex. *See generally* First Am. Compl. (FAC), ECF No. 50. There are several outstanding motions, including: five motions to dismiss (ECF Nos. 51; 52; 58; 82; 88); and Perkins, Jr.'s motion to enforce (ECF No. 64), motion for entry of clerk's default (ECF No. 66), and motion for default judgment (ECF No. 67). For the reasons set forth herein, I grant the motions to dismiss with prejudice. The remaining motions are denied as moot. I kindly request that the Clerk of Court enter judgment accordingly and close this case.

I.  **Summary of relevant procedural history**

On January 5, 2024, I granted two pending motions to dismiss for lack of subject matter jurisdiction in this action. Order, ECF No. 49. Therein, I granted Perkins, Jr. leave to file an amended complaint within 14 days and explained that if he chose to file an amended complaint, it must properly set forth either federal question or diversity jurisdiction. *Id.* at 4–6, 10. Perkins, Jr. filed a timely FAC.[1] ECF No. 50. The FAC raises similar allegations contained in the original

---

[1] Perkins, Jr. attached two "Affidavits of Fact" to the FAC. *See* ECF Nos. 50-1; 50-2. Federal Rule of Civil Procedure 12(f) permits the court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court is also permitted to strike an improper filing under its "inherent power over the administration of its business." *Spurlock v. F.B.I*, 69 F.3d 1010, 1016 (9th Cir. 1995). Rule 7(a) of the Federal Rules of Civil Procedure states that only these types of pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a

complaint but abandons some statutes and cites new statutes as providing the potential causes of action. *See id.*

On January 23, 2024, defendants Panorama Towers Condo Unit Owners, Dennis Kariger, and Jonathan Pattillo, filed almost identical motions to quash, or in the alternative, to dismiss the FAC, arguing that service upon both defendants was improper, that the complaint fails to establish federal jurisdiction, and that the complaint fails to set forth a claim upon which relief can be granted. ECF Nos. 51 (Panorama); 52 (Pattillo). Perkins, Jr. filed an opposition to both motions.[2] ECF No. 54.

On February 2, 2024, defendant Lucky Lact LLC filed a motion to dismiss, alleging *res judicata* bars this action, and that the claims are barred by the statute of limitations. ECF No. 58. Lucky Lact's motion included an informal "joinder"[3] to its co-defendants' filings challenging subject matter jurisdiction. *Id.* at 4 ("Lucky joins in Co-Defendant's briefing regarding the shortcomings within the First Amended Complaint...."). Perkins, Jr. filed an opposition to this motion. ECF No. 59. After Lucky Lact filed its reply (ECF No. 60), Perkins, Jr. filed an improper

---

counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a). The "Affidavits of Facts" does not comply with Rule 7. Instead, they contain a long list of purported "facts" that appear wholly self-serving and based on hearsay. Accordingly, the affidavits are not proper pleadings, so I strike them. The affidavits were not considered in resolving the pending motions to dismiss.

[2] As part of his opposition to the motions filed by Panorama and Pattillo, Perkins, Jr., filed an exhibit that was over 1,000 pages in length. ECF No. 54-1. This exhibit is a violation of Local Rule IA 10-3(i), which states that "[n]o more than 100 pages of exhibits may be attached to documents filed or submitted to the court in paper form. Except as otherwise ordered by the assigned judge, exhibits in excess of 100 pages must be submitted in a separately bound appendix." LR IA 10-3(i). Perkins, Jr. was previously advised of this rule. ECF No. 49 at 3. He nonetheless violated the rule again. So the court strikes ECF No. 54-1 and did not consider it in resolving the pending motions to dismiss.

[3] Perkins, Jr. did not file an opposition to this informal joinder so I consider the co-defendants' filings in resolving the question of subject matter jurisdiction, not only for judicial efficiency and because there was no opposition, but also because I must resolve any jurisdictional challenge to this action. Counsel is reminded, however, that while some district courts have local rules differentiating between "substantive joinder" and "joinders of simple agreement," *see, e.g., Hyland v. Off. of Hous. & Cmty. Dev.*, 2018 WL 4119903, at *3 (D. Haw. Aug. 29, 2018) ("A substantive joinder to a motion . . . must be based on a memorandum supplementing the motion, whereas a joinder of simple agreement may be filed at any time . . . and need not be accompanied by a memorandum."), this district makes no such distinction. If the party seeks to join in another motion, a separate motion should be filed.

surreply.[4] *See* ECF No. 61 (docketed as a "response"). A surreply is an additional reply brief filed by the non-moving party after the underlying motion has already been fully briefed. *Hammler v. Lyons*, 2023 WL 113764, at *1 (E.D. Cal. Jan. 5, 2023) (citations omitted). The Federal Rules of Civil Procedure do not expressly permit the filing of a surreply, and this district's local rules do not permit surreplies without first obtaining the court's leave. Instead, Local Rule 7-2(b) allows only for a motion, a response, and a reply. LR 7-2(b). That same rule explicitly states that "[s]urreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged." *Id.* (emphasis added). Perkins, Jr. did not seek leave of court before filing the surreply, so I strike it and do not consider any of the arguments contained therein.

On February 19, 2024, Perkins, Jr. filed a motion to enforce discovery rules. ECF No. 64. No opposition has been filed to this motion. Perkins, Jr. thereafter filed a motion for entry of clerk's default judgment (ECF No. 66) and a motion for default judgment (ECF No. 67). The parties have filed oppositions to these motions. ECF Nos. 69 (Panorama and Kariger); 70 (Pattillo); 71 (Lucky Lact); 73 (Lucky Lact).

On April 23, 2024, defendant Patrick Kang[5] filed a motion to dismiss for lack of subject matter jurisdiction and for failing to allege a claim upon which relief can be granted. ECF No. 82. Perkins, Jr. opposes Kang's motion. ECF No. 85.

On May 1, 2024, defendant Key Property Management LLC and its principal, Brian Hartsell (collectively, "Key"), filed a motion to dismiss for lack of subject matter jurisdiction. ECF No. 88. Perkins, Jr. filed an opposition to this motion. ECF No. 91.

II.   **Discussion**

A federal court must dismiss cases over which it lacks subject matter jurisdiction and may do so sua sponte. Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing 16 Moore § 106.66[1], pp. 106–88 to 106–89). That is because, unlike state courts,

---

[4] The arguments contained in the surreply are substantially similar to those raised in Perkins, Jr.'s response to the motion (ECF No. 59). But because they are not exactly the same, the filing is improper.
[5] Defendant Kang was served on April 3, 2024. ECF No. 79.

federal courts are courts of limited jurisdiction (*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)), meaning federal courts can hear only those types of cases authorized by Article III of the United States Constitution or by statute. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Federal courts have jurisdiction over two general types of cases: cases that arise under federal law ("federal question jurisdiction"), and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties ("diversity jurisdiction"). 28 U.S.C. § 1331, § 1332; *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).

Defendants Panorama, Kariger, Pattillo, Lucky Lact, Kang, and Key have filed motions to dismiss the FAC, challenging this court lacks subject matter jurisdiction over this action pursuant to Federal Rule of Civil Procedure 12(b)(1). *See generally* ECF Nos. 51; 52; 58; 82; 88. A party bringing a 12(b)(1) motion can lodge a "facial" or "factual" attack on the pleadings. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Such attack can be made "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Here, the defendants are lodging a facial attack on the FAC: they argue that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. When evaluating a facial attack, the court must accept the factual allegations in the plaintiff's complaint as true. *Comm. for Immigrant Rights of Sonoma Cnty. v. Cnty. of Sonoma*, 644 F. Supp. 2d 1177, 1189 (N.D. Cal. 2009) (citation omitted). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Because I must dismiss any case where subject matter jurisdiction is lacking, I resolve defendants' 12(b)(1) arguments first. And because Perkins, Jr. is pro se, I consider his pleadings liberally[6] and afford him the benefit of the any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). The face of the FAC states there is both federal question and diversity jurisdiction. *See* FAC, ECF No. 50 at 2 ("THIS MATTER is a FEDERAL QUESTION JURISDICTION,

---

[6] *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

DIVERSITY JURISDICTION & PERSONAL JURISDICTION MATTER....") (emphasis in original). But conclusory allegations of jurisdiction alone are insufficient to confer jurisdiction. *See Renewed v. BAC Home Loans Servicing, LP*, 2012 WL 423741, *3 (N.D. Cal. Feb. 8, 2012) (finding that a conclusory statement regarding federal question jurisdiction "devoid of any supporting legal or factual explanation ... wholly untethered to any other allegations ... in plaintiffs' complaint" is insufficient to raise a federal question)). Further, while Perkins, Jr. responds to the arguments regarding the lack of subject matter jurisdiction in each of his oppositions to the motions to dismiss, his responses are conclusory and unsupported by facts or relevant points or authorities.[7] Consequently, for the following reasons, Perkins, Jr. fails to meet his burden showing the existence of subject matter jurisdiction over this action. I address both federal question and diversity jurisdiction in turn.

**A. Perkins, Jr. fails to establish federal question jurisdiction.**

Having liberally construed the FAC and affording Perkins, Jr. every benefit of the doubt, I cannot find that the FAC sets forth a plausible federal claim that gives rise to federal question jurisdiction.

  1. *Perkins claims under 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 872, and 18 U.S.C. § 246 fail because he is a private citizen.*

Perkins, Jr. cites to four criminal statutes in the FAC.[8] As previously addressed in the order dismissing the original complaint (ECF No. 49 at 6), federal criminal statutes do not provide private civil causes of action, meaning that charges may be brought under these statutes by a federal prosecutor, but not by a private citizen like Perkins, Jr. *See Aaronson v. Kangarani*, 2019 WL 3490447, at *3 (D. Or. June 20, 2019), *report and recommendation adopted*, 2019 WL 3462540 (D. Or. July 31, 2019). Indeed, courts have explicitly rejected private citizens' attempts to bring claims under each of these statutes. *Iegorova v. Feygan*, 2019 WL 4929910, at *2 (E.D. Cal. Oct. 7,

---

[7] *See* ECF No. 54 at 2 (conclusory allegations that the FAC asserts federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332); ECF No. 59 at 3 (same); ECF No. 85 at 5 (same); ECF No. 91 at 5–6 (same).
[8] *See* FAC, ECF No. 50 at 8, 10–12, and 14.

2019) (dismissing plaintiff's 18 U.S.C. § 241 claim because "as a private citizen, has no standing to prosecute any alleged crimes."); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (holding that 18 U.S.C. §§ 241 and 242 do not provide a private right of action); *Vachon v. Reverse Mortg. Sols., Inc.*, 2017 WL 6628103, at *9 (C.D. Cal. Aug. 11, 2017), *report and recommendation adopted*, 2017 WL 6626649 (C.D. Cal. Dec. 28, 2017) (finding that plaintiff lacked standing to bring a criminal claim under 18 U.S.C. § 872 (extortion)); *Tyson v. ACRT Servs. Inc.*, 2024 WL 69073, at *6 (N.D. Cal. Jan. 5, 2024) (dismissing plaintiff's 18 U.S.C. § 246 claim for lack of standing to bring criminal action). Simply put, Perkins, Jr. lacks standing to bring these claims for relief, so they are dismissed, and they cannot confer federal question jurisdiction.

### 2. *The allegations alleging 42 U.S.C. § 1983 violations fail as a matter of law.*

Though difficult to discern the underlying allegations, the FAC makes two references to 42 U.S.C. § 1983.[9] FAC, ECF No. 50 at 9, 11. The first reference seemingly alleges that Perkins, Jr.'s First Amendment rights were violated, and the second reference alleges that his Thirteenth Amendment rights were violated, both of which allegedly give rise to violations of 42 U.S.C. § 1983. *Id.*

To properly state § 1983 claim, a plaintiff must allege (1) the violation of a constitutional right that was (2) committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The FAC does not allege any defendant was acting under the color of law, nor does it include any allegations that the court could construe as any defendant who was "clothed with the authority of state law." *See United States v. Classic*, 313 U.S. 299, 326 (1941) ("Misuse of power, possessed by virtue of state law and possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under the color' of state law."). Even if the court broadly construes the complaint as alleging that Eighth Judicial District Court Judge Tara Clark Newberry was acting under the color of state law because she is a state court judge, any claim against her is barred because she is entitled to absolute immunity. *See Pierson v. Ray*, 386 U.S. 547,

---

[9] Perkins, Jr. also alleges a violation of his Fourteenth Amendment rights that gives rise to a § 1983 violation. I address that allegation below. *See infra*, pg. 10.

6

548 (1967) (judicial officers are entitled to absolute immunity from civil liability for "acts committed within their judicial jurisdiction."). Consequently, the § 1983 claims fail and cannot confer federal question jurisdiction.

### 3. *The FAC's alleged due process violation under the Fifth Amendment fails as a matter of law.*

The FAC alleges that "[a]ll defendants are individuals acting in Commercial/Artificial capacities for final gain under Roman Civil Law and Maritime Admiralty Jurisdiction to financially enslave and delay [Perkins, Jr.] from proper justice and the right to due process," amongst other allegations.[10] FAC, ECF No. 50 at 10–11. The Due Process Clause of the Fifth Amendment applies only to actions of the *federal government*, and not to state actors. *See Betts v. Brady*, 316 U.S. 455, 462 (1942) ("Due process of law is secured against invasion by the federal [g]overnment by the Fifth Amendment and is safe-guarded against state action in identical words in the Fourteenth."); *Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States[.]"). Here, none of the defendants are the federal government or federal actors, so this claim fails and cannot confer federal question jurisdiction.

Even liberally construing this claim as alleging a violation of the Fourteenth Amendment, which applies to state actors,[11] this claim still fails because the only defendant who would

---

[10] Within these allegations, Perkins, Jr. also cites to 29 U.S. Code § 1109(a) and 28 U.S. Code § 1361, with no analysis or other explanation as to how they give rise to any claim or are related to the allegations. Section 1109(a) of Title 29 addresses liability for the breach of fiduciary duties under the Employment Retirement Income Security Program (ERISA). 29 U.S.C. § 1109(a). The FAC does not set forth any allegations related to an ERISA claim, or anything related to a retirement or health plan. Section 1361 of Title 28 permits individuals to file a writ of mandamus against an officer or employee of the United States or agency. 28 U.S.C. § 1361. The FAC does not name the United States or one of its agencies as a defendant, nor has Perkins, Jr. sought mandamus relief, making inclusion of this statute inapposite. For those reasons, neither of these statutes can confer federal question jurisdiction.

[11] The Fourteenth Amendment applies only against state actors, and not against federal actors. *See S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 524 (1987).

7

qualify as a state actor is Judge Tara Clark Newberry, and for the reasons set forth above, she is entitled to absolute immunity barring this claim against her. *See supra*, at pg. 7.

### 4. The FAC fails to allege a plausible violation of the Thirteenth Amendment.

The FAC states Perkins, Jr. is alleging a violation of the Thirteenth Amendment in the third cause of action. *See* FAC, ECF No. 50 at 11. The Thirteenth Amendment provides: "Neither slavery nor involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1. The underlying allegations[12] are somewhat difficult to discern. Even liberally construing the allegations, however, they fail to demonstrate that defendants enslaved or subjected Perkins, Jr. to involuntary servitude. Consequently, this is not a viable claim that can confer federal question jurisdiction.

### 5. Perkins, Jr.'s 42 U.S.C. § 12203 claim fails because there is no underlying violation of the Americans with Disabilities Act alleged in the FAC.

The third claim for relief includes allegations that certain defendants violated 42 U.S.C. § 12203. FAC, ECF No. 50 at 3, 10. This claim fails, however, because that statute provides equitable relief for claims related to violations of the Americans with Disabilities Act (ADA). *See Martinez v. Cnty. of Alameda*, 20-cv-06570-TSH, 2 (N.D. Cal. Mar. 29, 2024) (citing *Bayer v. Neiman Marcus Grp.*, 861 F.3d 853, 874 (9th Cir. 2017) (holding that 42 U.S.C. § 12203 "authorizes courts to award nominal damages as equitable relief when complete justice requires.")). But, Perkins, Jr. did not bring claim for relief under any provision of the ADA.[13] And, § 12203 prohibits

---

[12] Within these allegations, Perkins, Jr. also cites to 31 U.S.C. § 6711. FAC, ECF No. 50 at 11. This statute relates to prohibitions and exemptions that apply to programs or activities of local governments. *See* 31 U.S.C. § 6711(b). There are no allegations related to programs or activities of the local government included in the FAC, so this mere citation to this statute also cannot confer federal jurisdiction.

[13] Even liberally construing the FAC, Perkins, Jr. fails to meet the elements of a potential ADA violation. Given the underlying allegations of the FAC, the court assumes Perkins, Jr. may want to bring a claim pursuant to Title II of the ADA. That proscribes that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under § 12132, a plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit

retaliation against any individual for opposing an alleged prohibited act or practice under the ADA, and the interference, coercion, or intimidation of that individual in the exercise or enjoyment of, or on account of the individual having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected under the ADA. 42 U.S.C. § 12203(a) and (b). Perkins, Jr. fails to identify what prohibited act or practice was opposed, or how any right granted or protected under the ADA was interfered with or otherwise coerced or intimidated. Thus, Perkins, Jr.'s § 12203 claim fails, and it cannot confer federal question jurisdiction.

### 6. *The FAC fails to plausibly allege an equal rights violation under the Fourteenth Amendment nor a 42 U.S.C. § 1981 violation.*

Perkins, Jr. does not adequately state a violation of his rights guaranteed by the Fourteenth Amendment. FAC, ECF No. 50 at 12. The Equal Protection Clause of the Fourteenth Amendment mandates that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. art. XIV, § 1. This is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). In this claim for relief, Perkins, Jr. makes numerous and broad allegations against the defendants. *See generally* FAC, ECF No. 50 at 14–15. But none of these allegations give rise to a viable equal protection claim. "To prevail on an Equal Protection claim brought under § 1983, [a plaintiff] must allege facts plausibly showing that the defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class." *Hartmann v. California Dep't of Corrections and Rehabilitation*, 707

---

of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (per curiam). This claim would nonetheless fail because FAC does not allege that plaintiff is disabled, that he is qualified to participate in or receive services or programs from a public entity, that defendants are covered by Title II nor that he was somehow denied benefits or was discriminated against on the basis of any disability. While Perkins, Jr. does allege he is suffering from a terminal illness (FAC, ECF No. 50 at 11), this conclusory allegation alone cannot give rise to an ADA claim.

F.3d 1114, 1123 (9th Cir. 2013) (citation omitted). Perkins, Jr. fails to allege that he is a member of a protected class or that he was treated differently from someone not in his putative protected class, so this claim fails and cannot confer federal question jurisdiction.

Perkins, Jr.'s § 1981 claim also fails. This statute provides in relevant part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts … and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981. Stated otherwise, this statute "offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). To prevail on a § 1981 claim, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.- Owned Media*, 140 S. Ct. 1009, 1019 (2020). There are no allegations related to Perkins, Jr.'s race, much less racial discrimination, or that such discrimination impacted a contractual relationship, so this claim fails, and it also cannot confer federal jurisdiction.

### 7. *The FAC fails to set forth sufficient allegations to state a colorable claim under 42 U.S.C. § 3617.*

In his ninth claim for relief, Perkins, Jr. cites to several criminal statutes,[14] but also to Title 42, United States Code, § 3617, which is part of the Fair Housing Act (FHA). *See* FAC, ECF No. 50 at 14–15. The FHA, 42 U.S.C. § 3604(b), makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." *The Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 711 (9th Cir. 2009). Section 3617 of the FHA makes it "unlawful to coerce, intimidate, threaten, or

---

[14] For the reasons already stated, these statutes cannot confer federal jurisdiction. *See supra*, pg. 6.

interfere with any person ... on account of his having aided or encouraged any other person in the exercise or enjoyment of [ ] any right granted or protected by" the Act. 42 U.S.C. § 3617. To properly state a claim for relief under the FHA, a plaintiff must establish a prima facie case by alleging facts demonstrating that: (1) their rights are protected under the FHA; and (2) as a result of defendant's discriminatory conduct, the plaintiff has suffered a distinct and palpable injury. *See Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999).

Perkins, Jr. fails to state a prima facie case under the FHA. When broadly construing the whole FAC, the court finds that it sufficiently sets forth purported injuries suffered by Perkins, Jr. *See, e.g.*, FAC, ECF No. 50 at 13 (alleging serious health hazards such as toxic mold, bug infestations, malfunctioning air conditioning units, and suffering from identified terminal illnesses). But the FAC lacks any allegations that (1) his rights were protected under the FHA, (2) that he was discriminated against based on his protected status (i.e., race, color, religion, age, etc.), or (3) that the injuries he allegedly suffered were the result of discriminatory conduct. So this claim fails and cannot confer federal jurisdiction.

### B.  Perkins, Jr. fails to establish diversity jurisdiction.

Perkins, Jr. also fails to meet his burden showing that there is diversity jurisdiction in this action. Diversity jurisdiction exists in "all civil actions where the matter in controversy exceeds ... $75,000 ... and is between ... [c]itizens of different States." 28 U.S.C. § 1332(a)(1). Proper jurisdiction under § 1332 requires complete diversity, **so each plaintiff must be diverse from each defendant**. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). On the face of the complaint, Perkins, Jr. identifies himself as a citizen of Nevada. *See* FAC, ECF No. 50 at 1 (listing an address in North Las Vegas, NV). The complaint also names Judge Tara Clark Newberry as a defendant, who by the nature of her position appears to also be a citizen of Nevada. *Id.* at 7–8. And the complaint also names several other defendants who also appear to be citizens of Nevada. *See, e.g., id.* at 5 (Patrick Kang, a Nevada attorney); at 7 (Judge Tara Clark

Newberry, District Court Judge, Clark County, Nevada). Simply put, there is not complete diversity between plaintiff and each defendant, so diversity jurisdiction is lacking.

### C. Leave to amend is denied.

Ordinarily, the court liberally grants a pro se plaintiff leave to amend. This is because "[a] district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)). However, if after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

I have already given Perkins, Jr. the opportunity to amend his pleading to allow him to meet his burden of demonstrating that this court has subject-matter jurisdiction over this action. Even when liberally construing the allegations and giving Perkins, Jr. every benefit of the doubt, he has twice failed to set forth sufficient allegations which state a plausible claim conveying jurisdiction upon this court. Therefore, I find that giving leave to amend the federal claims again would be futile, so I deny leave to amend. I dismiss all federal claims with prejudice.

### D. All other motions are denied as moot.

Because I lack subject-matter jurisdiction over this action and am dismissing all federal claims with prejudice, I also decline to exercise supplemental jurisdiction on the remaining state law claims and dismiss them without prejudice. *See* 28 U.S.C. § 1367(c)(3). Thus, all other outstanding motions are now moot and are denied as such.

## III. Conclusion

IT IS HEREBY ORDERED that defendants Panorama Towers' and Dennis Kariger's motion to quash or dismiss [ECF No. 51], defendant Jonathan Pattillo's motion to quash or dismiss [ECF No. 52], defendant Lucky Lact's motion to dismiss [ECF No. 58], defendant Kang's motion to dismiss [ECF No. 82], and defendant Key's motion to dismiss [ECF No. 88]

are **GRANTED** for lack of subject-matter jurisdiction. All federal claims are dismissed with prejudice. All state law claims are dismissed without prejudice.

IT IS FURTHER ORDERED that Perkins, Jr.'s attachments to his opposition to Panorama, Kraiger, and Pattillo's motions to dismiss **[ECF No. 54-1] are STRICKEN.**

IT IS FURTHER ORDERED that Perkins, Jr.'s surreply **[ECF No. 61] is STRICKEN.**

IT IS FURTHER ORDERED that Perkins, Jr.'s motion to enforce **[ECF No. 64] is DENIED as moot**.

IT IS FURTHER ORDERED that Perkins, Jr.'s motion for entry of clerk's default **[ECF No. 66] is DENIED as moot**.

IT IS FURTHER ORDERED that Perkins, Jr.'s motion for default judgment **[ECF No. 67] is DENIED as moot.**

The Clerk of Court is kindly directed to close this case.

Dated: May 7, 2024

_____
Cristina D. Silva
United States District Judge